AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   1:25-mj-327 |
| GELACIO MACIAS-OLIVARES | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 4, 2025, _____ in the county of _____ Warren _____ in the _____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(1) | Illegal Alien Found in the United States Following Deportation After Having Been Convicted of a Felony |

This criminal complaint is based on these facts:

SEE AFFIDAVIT

☑ Continued on the attached sheet.

_Rhiannon Lupton_
_Complainant's signature_

RHIANNON LUPTON, SPECIAL AGENT (DHS, HSI)
_Printed name and title_

Sworn to before me and signed in my presence.
**via FaceTime video**

Date:   **Apr 8, 2025**

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

City and state:        Cincinnati, Ohio

**A F F I D A V I T**

I, Rhiannon Lupton, being duly sworn, do hereby depose and say:

1.      I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI).  I have served in this capacity since July of 2024. In my capacity as a Special Agent with HSI, I have participated in approximately 25 weeks of training at the Federal Law Enforcement Training Center, including graduating from the Criminal Investigator Training Program and the HSI Special Agent Training program.  My present responsibilities include the investigation of violations of Title 8, 18, 19, 21, 31, and 49 of the United States Code and related offenses. In the performance of my duties, I am authorized to conduct a wide range of law enforcement functions that deal with violations of Federal law, to include immigration violations. As a Special Agent with HSI, I have received training in the investigation of immigration-related crimes and am currently conducting investigations involving such offenses. Additionally, I hold a bachelor's degree in criminal justice and criminology studies, with a minor in forensic science, from The Ohio State University.

2.      This affidavit is made in support of a criminal complaint and arrest warrant for Gelacio MACIAS-OLIVARES, a/k/a Gilacio MACIAS-OLIVARES (hereinafter referred to as MACIAS-OLIVARES), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation, as enhanced by (b)(1), After Having Been Convicted of a Felony.

3.      The facts set forth in this affidavit are based upon my personal observations, my training and experience, as well as information obtained from official documents, databases, other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable

1

cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

4.     On April 1, 2025, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Cincinnati encountered MACIAS-OLIVARES at the Warren County Jail in Lebanon, OH. Record checks indicated MACIAS-OLIVARES is a native and citizen of Mexico and is not in possession of a valid immigration document allowing him to be or remain in the United States legally. Accordingly, on April 1, 2025, ERO Cincinnati issued an immigration detainer.

5.     On April 4, 2025, ERO Cincinnati arrested the subject at the Warren County Jail in Lebanon, Ohio after he was released on local criminal charges (domestic violence). He was arrested without incident and transported to the ERO/ HSI Cincinnati Office for processing. Upon arriving, MACIAS-OLIVARES' fingerprints were scanned and enrolled in various DHS databases, which confirmed the subject's identity, immigration, and criminal history.

6.     During routine administrative processing, MACIAS-OLIVARES claimed that he was born in Mexico and that he is a citizen and national of Mexico.   MACIAS-OLIVARES made no claims to U.S. citizenship or Lawful Permanent Resident status. According to MACIAS-OLIVARES, he last entered the U.S. without inspection on or about an unknown date in 2021, at or near an unknown location in Texas.

7.     Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States.  I also know that a DHS A-File usually contains forms, photographs, fingerprints,

2

court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained.  The A-file corresponds with an "A-number," a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. MACIAS-OLIVARES' A-file is maintained under A-number 097402910. I know that in addition to A-files, DHS uses numerous databases and indices to store immigration related information that correlates with documents found in the A-file.

8.      On April 7, 2025, I reviewed the above-mentioned databases and copies of documents contained in MACIAS-OLIVARES's A-file and determined the following:

a.      On or about August 27, 2007, MACIAS-OLIVARES was ordered removed from the United States by a designated official at or near Cleveland, Ohio. MACIAS-OLIVARES was then officially removed and deported from the United States on or about October 9, 2007, at or near Hidalgo, Texas.

b.      MACIAS-OLIVARES has been charged with and convicted of Title 8, United States Code, Section 1326, Reentry of Removed Aliens, on three previous occasions.[1] Most recently, on or about October 28, 2018, MACIAS-OLIVARES was arrested at or near Falfurrias, Texas by the United States Border Patrol. MACIAS-OLIVARES was charged with and convicted in the Southern District of Texas, Corpus Christi Division, Case No. 2:18-cr-01244, of Title 8,

---

[1] *See* United States District Court for the Western District of Texas, Case No. 08-CR-467; United States District Court for the District of Arizona, Case No. 09-CR-01770; United States District Court for the Southern District of Texas, Case No. 2:18-cr-01244.   MACIAS-OLIVARES has also previously been charged with and convicted of Title 8, United States Code, Section 1325(a)(1), Improper Entry by Alien, in the United States District Court for the Southern District of Texas, Case No. 7:14-po-05919.

United States Code, Section 1326(a) and 1326(b)(1) and was sentenced to 20 months imprisonment.

      c.      Despite the previous removals, on or about February 26, 2020, MACIAS-OLIVARES was again found in the United States. MACIAS-OLIVARES previous order of removal was reinstated, and on or about April 24, 2020, MACIAS-OLIVARES was again officially removed and deported from the United States at or near Hidalgo, Texas. Prior to his removal, MACIAS-OLIVARES was served with DHS Form I-294, Warning to Alien Ordered Removed or Deported, advising him that he was prohibited from entering the United States at any time as per the provisions of section 212(a)(9) and section 101(a)(43) of the Immigration and Nationality Act (INA). In addition, he was instructed that after removal, he must request permission from the Attorney General or Secretary of the Homeland Security to reapply for admission to the United States during the period in which he was banned.

9.      I also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that MACIAS-OLIVARES has not applied for nor has he obtained permission from the Attorney General of the United States or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since MACIAS-OLIVARES had last been deported.  Based on my review of MACIAS-OLIVARES's case information, I determined that ICE computer indices do not contain any record of him ever applying for, or receiving permission from, the Attorney General of the United States or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in MACIAS-OLIVARES's case information.

10.     Based on the foregoing facts, there is probable cause to believe that MACIAS-OLIVARES has violated Title 8, United States Code, Section 1326(a): Illegal Alien Found in the United States Following Deportation, as enhanced by (b)(1), After Having Been Convicted of a Felony.

_Rhiannon Lupton_
Rhiannon Lupton
Special Agent – HSI

Subscribed and sworn to before me on this __8__ day of April, 2025.

Karen L. Litkovitz
United States Magistrate Judge